NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Zonis and Todd Zonis, | No. CV-15-01728-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Steven Allen, | |
| Defendant. | |

Pending before the Court is a Motion to Dismiss or Stay filed by defendant Steven Allen (Doc. 13). Defendant Allen is seeking to dismiss arguing that Plaintiffs' claims herein are compulsory counterclaims which they were required to bring in the closely related case of *Allen v. Zonis*, No. 15-2-15656-O KNT, currently pending in the Superior Court of the State of Washington in and for the County of King. Alternatively, Defendant is seeking a stay of this action under the *Colorado River* doctrine, to allow for completion of the Washington State action. Finally, if the Court denies dismissal and denies a stay, Defendant argues for dismissal based upon lack of personal jurisdiction. Plaintiffs oppose Defendant's motion in all respects.

Not long after the filing of Defendant's motion, the Washington State Court heard oral argument on the Zonis' motion to dismiss for lack of personal jurisdiction. The Court denied that motion. (Doc. 18-1 at 14-15). During argument, the Zonis' counsel at the time expressly conceded, as Defendant stresses in his reply, that "[i]f there is

1 jurisdiction, [she] would agree that [the] compulsory counterclaim rule applies[.]" (*Id*. at 7). Despite this concession, in this action, through different counsel, Mr. and Mrs. Zonis persist in arguing that their claims cannot be compulsory counterclaims in the Washington lawsuit. The Court is not so persuaded, especially in light of the Zonis' prior concession in the State Court action.

Additionally, in the State Court action, Zonis' counsel, taking a "common sense perspective[,]" and recognizing that the claims are pending in two different courts, agreed that "logically [it] makes sense for one court to take jurisdiction and the other one to step back and allow that to happen." (Doc. 18-1 at 6). Admittedly, this statement was made in the context of *forum non conveniens*, and counsel was urging the opposite. It made "more sense" for the claims to proceed in this Arizona District Court rather than in Washington. (*Id*.).

Pursuant to Fed.R.Evid. 201(b)(2), the Court takes judicial notice of the status of the pending Washington State case as reflected on the Washington Courts website, http://dw.courts.wa.gov;index.cfm, last visited on July 15, 2016. According to the case summary for the *Allen v. Zonis*, 15-2-15656-0, Mr. and Mrs. Zonis made a motion to continue, with which the Allens agreed. On June 28, 2016, evidently based upon the foregoing, the Court ordered that the trial of that case be continued to what appears to be early 2017. The Washington Court also issued an order amending the case schedule.

Given that the Washington Court has held that it has personal jurisdiction over Mr. and Mrs. Zonis, and their concession that their claims herein are compulsory counterclaims under Washington law, the Court grants Defendant's motion to dismiss, but it does so without prejudice. Practically, proceeding in this way also avoids needless duplication of judicial effort and avoids the very real risk of inconsistent findings and perhaps judgments.

Having found that dismissal is proper on this basis the Court denies as moot Defendant's motion insofar as it is seeking alternative relief in the form of a *Colorado River* stay or dismissal for lack of personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** in part and **DENYING** in part Defendant's Motion to Dismiss or Stay (Doc. 13). This motion is **GRANTED** without prejudice to renew to the extent it is seeking dismissal because the claims herein are compulsory counterclaims. In all other respects, this motion is **DENIED**.

The Clerk of the Court is kindly directed to terminate this action.

**Dated** this 18th day of July, 2016.

Honorable Diane J. Humetewa
United States District Judge